**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LOCAL 786 LUMBER EMPLOYEE ) <br> RETIREMENT FUND and MICHAEL YAUGER, ) <br> as Trustee of the Local 786 Lumber Employee ) <br> Retirement Fund, ) <br>                       Plaintiffs, ) <br>      v. ) <br> ) <br> MAYFAIR LUMBER CO., ) <br> an Illinois Corporation, ) <br>                       Defendant. ) | Case No. |

## COMPLAINT

Plaintiff, the Local 786 Lumber Employee Retirement Fund ("Fund"), through its current and authorized fiduciary, Michael Yauger ("Trustee"), brings this complaint against Defendant, Mayfair Lumber Co. ("Mayfair" or "Company"), and any other trade or business determined to be in a control group with Mayfair Lumber Co. as a result of the withdrawal of Mayfair from the Fund, a multi-employer pension plan, and alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multi-Employer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 USC §§1001-1461, to collect withdrawal liability, interest and penalties and, as such, this Court has jurisdiction over this action under Sections 502(e), 502(f) and 4301(c) of ERISA, 29 USC §§1132(e), 1132(f) and 1451(c).

2. Venue lies in this Court under Sections 502(e) and 4301(d) of ERISA, 29 USC §§1132(e)(2) and 1451(d), in that the Fund is administered by its Trustees at it principal place of business at 300 S. Ashland Ave., Chicago, Illinois 60607.

## PARTIES

3. Plaintiff Fund Trustee administers the Local 786 Lumber Employee Retirement Fund, a multi-employer pension fund within the meaning of Section 3(37) and 4001(a)(3) of ERISA, 29 USC §§1002(37) and 1301(a)(3). Plaintiff Trustee is a "fiduciary" of the Fund and the Fund's sponsor within the meaning of Section 4001(a)(10) of ERISA, 29 USC §1301(a)(10).

4. Pursuant to Sections 502(a) and 4301(a)(1) of ERISA, 29 USC §§1132(a)(3) and 1451(a)(1), the Trustee as fiduciary is authorized to bring this action on behalf of the Fund, its participants and its beneficiaries for the purpose of collecting withdrawal liability.

5. Defendant Mayfair Lumber Co. is an Illinois corporation with its principal place of business in the State of Illinois in this district.

## FACTS

6. For relevant periods until at least July 31, 2011, Mayfair was an employer engaged in an industry affecting commerce and was subject to a collective bargaining agreement with Local Union 786, affiliated with the International Brotherhood of Teamsters, under which Mayfair was required to make contributions to the Fund on behalf of certain of its employees.

7. On or about July 31, 2011, Mayfair permanently ceased to have an obligation to contribute to the Fund.

8. The Fund's actuaries determined that under Section 4201(b) of ERISA, 29 USC §1381(b), the liability for the Mayfair withdrawal was $1,147,326.00.

9. Through its administrator, the Fund notified Mayfair by letter dated November 2, 2011, that the amount of withdrawal liability incurred by Mayfair was $1,147,326.00. In the letter, the

        Fund further notified Mayfair that it could discharge its estimated liability in 80 quarterly installments of $21,133.00. The letter advised Mayfair that the first installment was due by November 1, 2011 and, in the alternative, Mayfair had the option of paying its withdrawal liability in a lump sum. The letter explained Mayfair's right to review the Trustees' determination. The letter also explained that Mayfair would be in default if it failed to remit payment to the Fund. A copy of the letter is attached as Exhibit A.

10. The letter was sent by certified mail, return receipt requested on September 2, 2011, and was received by Mayfair on November 2, 2011 (attached as Exhibit A).

11. The Fund notified Mayfair by letter dated November 2, 2011 of Mayfair's failure to remit its first quarterly installment in accordance with the schedule of payments set forth by the Trustees. In the letter, the Trustees demanded prompt payment of the past due amounts. The letter further informed Mayfair that failure to remit payment within 60 days of receipt of the letter would result in a default, under which Mayfair would immediately be liable for the entire amount of withdrawal liability. A copy of the letter is attached as Exhibit B.

12. Mayfair never requested review or initiated arbitration of the Fund's withdrawal liability determination pursuant to Section 4221(a)(1) of ERISA, 29 USC §1401(a)(1) and more than 90 days have passed since Mayfair received notice from the Trustees of the demand and schedule of payments for the withdrawal liability amount.

13. Mayfair has failed to remit any payment in response to the notices and is currently in default for more than 60 days on its obligation.

    WHEREFORE, Plaintiffs request the following relief as a judgment against Defendant on behalf of Plaintiffs, pursuant to 29 USCA §§1132(g)(2) and 1451(b) for:

    A.    withdrawal liability principal in the amount of $1,147,326.00;

    B.    interest on the delinquent amount owed on the date of entry of the judgment;

    C.    liquidated damages as appropriate;

    D.    attorneys fees and costs;

    E.    such relief as the Court deems appropriate.

                                                                           s/Anthony Pinelli
                                                                          Anthony Pinelli
                                                                          Attorney for Plaintiff

Anthony Pinelli
Law Office of Anthony Pinelli
53 West Jackson Blvd., Suite 1460
Chicago, Illinois 60604
312/583-9270