# AFFIDAVIT

Jeffrey W. Hoff, being first duly sworn on oath deposes and states:

1. I am employed as the Plan Administrator by the Teamsters Local Union 786 Lumber Employees Retirement Fund ("Lumber Fund").

2. Mayfair Lumber Co. was bound to a Labor Agreement with Teamster Local Union 786 which required contributions to the Lumber Fund through the date of May 31, 2011.

3. Local Union 786 engaged in negotiations for a successor Agreement, and Mayfair Lumber Co. continued to make regular contributions through June 2011.

4. In July of 2011, Mayfair Lumber Co. advised Local Union 786 that it was ceasing operations and closing its facility. The Union members, who were participating in the bargaining unit, were laid off on July 22, 2011.

5. Pursuant to the Lumber Fund Withdrawal Liability Policy, a withdrawal was calculated based on the date of July 31, 2011, reflecting a liability amount of $1,276,114.00.

6. A notice of this amount, a payment schedule and Statement of Business Affairs were delivered to the company requiring a first scheduled payment of $21,133.00 on November 1, 2011.

7. Mayfair Lumber Co. never completed the Statement of Business Affairs, made a scheduled payment nor contested the calculation of the amount claimed. A Notice of Default was mailed to the company on November 2, 2011 and received on November 3, 2011.

8. Pursuant to the Notice of Default, an accelerated balance of $1,147,326.00 was owed as of November 1, 2011, and no payment has been made as of this date. The employer owes $1,147,326.00 to the Lumber Fund.

9. As of this date, the trustees of the Lumber Fund have approved and paid itemized statements for services related to this case from the Law Offices of Anthony Pinelli at the rate of $325.00 per hour in the total amount of $1,812.50 and costs paid in the case in the amount of $355.00 to the Clerk of the Court for the initial filing fee. The total fees and costs paid by the Fund equal $2,167.50.

10. If called as a witness, I would testify that the above facts are true and correct and that the attached documents are accurate copies of records for the Lumber Fund office.

Jeffrey W. Hoff

Subscribed and Sworn to before me this 11th day of March, 2013.

NOTARY PUBLIC

"OFFICIAL SEAL"
Gertrude Keller
Notary Public, State of Illinois
My Commission Expires 5/1/2016

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## SUMMONS IN A CIVIL CASE

Michael Yauger, as Trustee of the Local 786 Lumber Employees Retirement Fund

V.

Mayfair Lumber Co., an Illinois Corporation

CASE NUMBER: 1:13-cv-00437

ASSIGNED JUDGE: Honorable John Z. Lee

DESIGNATED MAGISTRATE JUDGE: Honorable Young B. Kim

TO: (Name and address of Defendant)

Mayfair Lumber Co.
C/O Charles L. Koenen, Reg. Agent
926 Cornell Street
Wilmette, Illinois 60091

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Anthony Pinelli
Law Office of Anthony Pinelli
53 West Jackson Blvd., Suite 1460
Chicago, Illinois 60604
312/583-9270

an answer to the complaint which is herewith served upon you, within 21 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.Thom

THOMAS G. BRUTON, CLERK

(By) DEPUTY CLERK

JAN 22 2013

DATE

AO 440 (Rev. 05/00) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE 1/28/13 |
|---|---|
| NAME OF SERVER (PRINT) Fran Udell | TITLE private investigator at Tactical Solutions |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: Defendant's residence at 926 Cornell Street, Wilmette, Illinois 60091

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: ______

☐ Returned unexecuted: ______

☐ Other (specify): ______

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 1/28/13
Date

Fran Udell
*Signature of Server*

980 N. Michigan Avenue, Suite #1400
Chicago, Illinois 60611
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.




# TEAMSTERS LOCAL UNION 786 LUMBER EMPLOYEES

## RETIREMENT FUND

300 SOUTH ASHLAND AVENUE ▪ Suite 500 ▪ CHICAGO, ILLINOIS 60607

Telephone 312.666.1875 ▪ Fax 312.666.2258




July 22, 2011

MAYFAIR LUMBER CO.
4825 W. LAWRENCE
CHICAGO, IL 60630

Re: Employer No. 00032-30032

Dear Employer:

I am enclosing a Statement of Business Affairs that we are asking you to complete and return to me within 30 days. This is required under Section 4219(a) of the Employee Retirement Income Security Act.

If you have any questions, please let me know. The Trustees and I appreciate your cooperation.

Very truly yours,

Jeffrey W. Hoff
Administrator

Enclosure







# TEAMSTERS LOCAL UNION 786 LUMBER EMPLOYEES RETIREMENT FUND

300 SOUTH ASHLAND AVENUE ▪ Suite 500 ▪ CHICAGO, ILLINOIS 60607
Telephone 312.666.1875 ▪ Fax 312.666.2258

458

September 1, 2011

MAYFAIR LUMBER CO.
4825 W. LAWRENCE
CHICAGO, IL 60630

Re: Employer No. 00032-30032

Dear Employer:

As you know Federal law requires that a withdrawing employer complete a Statement of Business Affairs within 30 days upon receipt of the form. Our records indicate that on July 22, 2011 you were sent the Statement of Business Affairs form and as of this date we have not received your completed reply.

I am enclosing a Statement of Business Affairs to be complete within 14 days. If we do not received the form by September 15, 2011 I will initiate litigation to compel you to complete the form as required under Section 4219(a) of the Employee Retirement Income Security Act. You should be aware that if this becomes necessary you will be responsible for all attorney and court fees.

If you have any questions, please let me know. The Trustees and I appreciate your cooperation.

Very truly yours,

Jeffrey W. Hoff

Jeffrey W. Hoff
Administrator

Enclosure



# TEAMSTERS LOCAL UNION 786 LUMBER EMPLOYEES

## RETIREMENT FUND

300 SOUTH ASHLAND AVENUE ▪ Suite 500 ▪ CHICAGO, ILLINOIS 60607
Telephone 312.666.1875 ▪ Fax 312.666.2258



September 2, 2011

MAYFAIR LUMBER CO.
4825 W. LAWRENCE
CHICAGO, IL 60630

Certified Mail Return/Receipt Requested

Employer # 00032-30032

Dear Employer:

Our records indicate MAYFAIR LUMBER CO. no longer employs participants with the Local 786 Lumber Employees Retirement Fund. Therefore our actuaries have calculated your withdrawal liability under the Multiemployer Pension Plan Amendments Act of 1980 (MEPPA).

Enclosed are the following:

-Schedule A information used in the calculation of the amount of withdrawal liability;
-Schedule B the calculation of the amount of the withdrawal liability; and
-Actuarial assumptions used in calculating the withdrawal liability.

The amount of the withdrawal liability after applying the de minimus rule under Section 4209 (a) of ERISA is $1,147,326.00. The minimum schedule of payments is:

- Eighty (80) quarterly payments of $21,133.00 beginning November 1, 2011.

Demand for payment is hereby requested in accordance with the attached schedule.

If you have any questions, please call me at the Fund Office.

Sincerely,

Jeffrey W. Hoff
Administrator
JWH/rtl

Schedule B

# CALCULATION OF THE AMOUNT OF THE WITHDRAWAL LIABILITY

**Name of withdrawn employer:** Mayfair Lumber

**Date of withdrawal:** July 31, 2011

**Date of Valuation:** 2010

| Plan Year Ending | Total Employer Contributions | Employers that Withdrew From / To | Contribution Totals for 5 Plan Years | Unfunded Vested Benefits | Mayfair Lumber Contributions |
|---|---|---|---|---|---|
| | | 9/1/03 to 8/31/04 | Net Contributions | | |
| 8/31/00 | $1,395,156 | | $1,395,156 | | $40,860 |
| 8/31/01 | 887,294 | | 887,294 | | 43,624 |
| 8/31/02 | 862,113 | | 862,113 | | 43,328 |
| 8/31/03 | 823,302 | | 823,302 | | 43,236 |
| 8/31/04 | 855,210 | | 855,210 | | 45,528 |
| **TOTAL 8/31/04** | | | 4,823,075 | $4,212,058 | 216,576 |
| | | 9/1/04 to 8/31/05 | Net Contributions | | |
| 8/31/01 | 887,294 | | 887,294 | | 43,624 |
| 8/31/02 | 862,113 | | 862,113 | | 43,328 |
| 8/31/03 | 823,302 | | 823,302 | | 43,236 |
| 8/31/04 | 855,210 | | 855,210 | | 45,528 |
| 8/31/05 | 866,413 | | 866,413 | | 41,200 |
| **TOTAL 8/31/05** | | | 4,294,332 | 5,328,094 | 216,916 |
| | | 9/1/05 to 8/31/06 | Net Contributions | | |
| 8/31/02 | 862,113 | 4,628 | 857,485 | | 43,328 |
| 8/31/03 | 823,302 | 4,836 | 818,466 | | 43,236 |
| 8/31/04 | 855,210 | 5,004 | 850,206 | | 45,528 |
| 8/31/05 | 866,413 | 5,200 | 861,213 | | 41,200 |
| 8/31/06 | 828,760 | 1,500 | 827,260 | | 38,600 |
| **TOTAL 8/31/06** | | | 4,214,630 | 4,756,430 | 211,892 |
| | | 9/1/06 to 8/31/07 | Net Contributions | | |
| 8/31/03 | 818,466 | 32,172 | 786,294 | | 43,236 |
| 8/31/04 | 850,206 | 46,976 | 803,230 | | 45,528 |
| 8/31/05 | 861,213 | 49,190 | 812,023 | | 41,200 |
| 8/31/06 | 827,260 | 35,660 | 791,600 | | 38,600 |
| 8/31/07 | 863,870 | 15,358 | 848,512 | | 42,240 |
| **TOTAL 8/31/07** | | | 4,041,659 | 4,512,928 | 210,804 |

**Schedule B**

## CALCULATION OF THE AMOUNT OF THE WITHDRAWAL LIABILITY

| Plan Year Ending | Total Employer Contributions | Employers that Withdrew From / To | Contribution Totals for 5 Plan Years | Unfunded Vested Benefits | Mayfair Lumber Contributions |
|---|---|---|---|---|---|
| | | 9/1/07 to 8/31/08 | Net Contributions | | |
| 8/31/04 | $ 803,230 | $3,876 | $ 799,354 | | $ 45,528 |
| 8/31/05 | 812,023 | 5,600 | 806,423 | | 41,200 |
| 8/31/06 | 791,600 | 5,236 | 786,364 | | 38,600 |
| 8/31/07 | 848,512 | 5,336 | 843,176 | | 42,240 |
| 8/31/08 | 712,436 | 0 | 712,436 | | 42,660 |
| TOTAL 8/31/08 | | | 3,947,753 | $11,889,450 | 210,228 |
| | | 9/1/08 to 8/31/09 | Net Contributions | | |
| 8/31/05 | 806,423 | 34,376 | 772,047 | | 41,200 |
| 8/31/06 | 786,364 | 34,900 | 751,464 | | 38,600 |
| 8/31/07 | 843,176 | 30,716 | 812,460 | | 42,240 |
| 8/31/08 | 712,436 | 32,128 | 680,308 | | 42,660 |
| 8/31/09 | 637,448 | 2,112 | 635,336 | | 25,478 |
| TOTAL 8/31/09 | | | 3,651,615 | 17,437,892 | 190,178 |
| | | 9/1/09 to 8/31/10 | Net Contributions | | |
| 8/31/06 | 751,464 | 146,812 | 604,652 | | 38,600 |
| 8/31/07 | 812,460 | 142,248 | 670,212 | | 42,240 |
| 8/31/08 | 680,308 | 118,076 | 562,232 | | 42,660 |
| 8/31/08 | 635,336 | 97,832 | 537,504 | | 25,478 |
| 8/31/10 | 620,471 | 14,592 | 605,879 | | 21,330 |
| TOTAL 8/31/10 | | | 2,980,479 | 21,065,921 | 170,308 |

| Plan Year Ending | Average Weekly Rate | Number of Contributions | 3 Year Total | Highest 3 Year Average |
|---|---|---|---|---|
| 8/31/00 | $ 80.25 | **509.21** | | |
| 8/31/01 | 88.00 | **495.73** | | |
| 8/31/02 | 89.00 | **486.83** | **1,491.77** | **497.26** |
| 8/31/03 | 93.00 | 464.90 | 1,447.46 | 482.49 |
| 8/31/04 | 97.00 | 469.36 | 1,421.09 | 473.70 |
| 8/31/05 | 100.00 | 412.00 | 1,346.26 | 448.75 |
| 8/31/06 | 100.00 | 386.00 | 1,267.36 | 422.45 |
| 8/31/07 | 102.00 | 414.12 | 1,212.12 | 404.04 |
| 8/31/08 | 116.00 | 367.76 | 1,167.88 | 389.29 |
| 8/31/09 | 132.50 | 192.29 | 974.17 | 324.72 |
| 8/31/10 | 151.00 | 141.26 | 701.31 | 233.77 |

**Schedule B**

## CALCULATION OF THE AMOUNT OF THE WITHDRAWAL LIABILITY

The withdrawal liability was calculated in accordance with Section 4211 (b) of ERISA known as the presumptive method. The Trustees have adopted a modification to this method, which has been approved by the Pension Benefit Guaranty Corporation, such that if the amount of unfunded vested benefits is zero or less, all amounts determined under Sections 4211(b)(1)(A), (B) or (C) of ERISA prior to that time are considered to be equal to zero.

As of August 31, 2003, the unfunded vested benefit was zero; therefore, the presumptive method starts fresh as of August 31, 2004, when the unfunded vested benefits were $4,212,058.

Under the presumptive method of calculating an employer's withdrawal liability is a portion of each year's changes in unfunded vested benefits for plan years ending after September 25, 1980 under which the employer was obligated to contribute.

Detail of the calculation of this Post September 25, 1980 Liability Portion follows:

**a) Withdrawal Liability Calculation as of August 31, 2004:**

(i) Unfunded vested benefits for plan year ending August 31, 2004:

$ 4,212,058

(ii) The unamortized amount as of August 31, 2010:

$ 2,948,441 (70% x $4,212,058)

(iii) Employer's portion: $2,948,441 x ($216,576 ÷ $4,823,075), or

$ 132,385 ($2,948,441 x .04490)

**b) Withdrawal Liability Calculation as of August 31, 2005:**

(i) Change in unfunded vested benefits for plan year ending August 31, 2005:

$ 5,328,094
\- 4,001,455 (95% x $4,212,058)
$ 1,326,639

(ii) The unamortized amount as of August 31, 2010:

$ 994,979 (75% x $1,326,639)

(iii) Employer's portion: $994,979 x ($216,916 ÷ $4,294,332), or

$ 50,256 ($994,979 x .05051)

**CALCULATION OF THE AMOUNT OF THE WITHDRAWAL LIABILITY**

**c) Withdrawal Liability Calculation as of August 31, 2006:**

(i) Change in unfunded vested benefits for plan year ending August 31, 2006:

$ 4,756,430
- 3,790,852 (90% x $4,212,058)
- 1,260,307 (95% x $1,326,639)

$ (294,729)

(ii) The unamortized amount as of August 31, 2010:

$ (235,783) (80% x ($294,729))

(iii) Employer's portion: ($235,783) x ($211,892 ÷ $4,214,630), or

$ (11,855) (($235,783) x .05028)

**d) Withdrawal Liability Calculation as of August 31, 2007:**

(i) Change in unfunded vested benefits for plan year ending August 31, 2007:

$ 4,512,928
- 3,580,249 (85% x $4,212,058)
- 1,193,975 (90% x $1,326,639)
- (279,993) (95% x ($294,729))

$ 18,697

(ii) The unamortized amount as of August 31, 2010:

$ 15,892 (85% x $18,697)

(iii) Employer's portion: $15,892 x ($210,804 ÷ $4,041,659), or

$ 829 ($15,892 x .05216)

**e) Withdrawal Liability Calculation as of August 31, 2008:**

(i) Change in unfunded vested benefits for plan year ending August 31, 2008:

$ 11,889,450
- 3,369,646 (80% x $4,212,058)
- 1,127,643 (85% x $1,326,639)
- (265,256) (90% x ($294,729))
- 17,762 (95% x $18,697)

$ 7,639,655

(ii) The unamortized amount as of August 31, 2010:

$ 6,875,690 (90% x $7,639,655)

(iii) Employer's portion: $6,875,690 x ($210,228 ÷ $3,947,753), or

$ 366,130 ($6,875,690 x .05325)

**CALCULATION OF THE AMOUNT OF THE WITHDRAWAL LIABILITY**

**f) Withdrawal Liability Calculation as of August 31, 2009:**

(i) Change in unfunded vested benefits for plan year ending August 31, 2009:

| | | |
|---|---|---|
| $ | 17,437,892 | |
| - | 3,159,044 | (75% x $4,212,058) |
| - | 1,061,311 | (80% x $1,326,639) |
| - | (250,520) | (85% x ($294,729)) |
| - | 16,827 | (90% x $18,697) |
| - | 7,257,672 | (95% x $7,639,655) |
| $ | 6,193,558 | |

(ii) The unamortized amount as of August 31, 2010:

$ 5,883,880 (95% x $6,193,558)

(iii) Employer's portion: $5,883,880 x ($190,178 ÷ $3,651,615), or

$ 306,432 ($5,883,880 x .05208)

**g) Withdrawal Liability Calculation as of August 31, 2010:**

(i) Change in unfunded vested benefits for plan year ending August 31, 2010:

| | | |
|---|---|---|
| $ | 21,065,921 | |
| - | 2,948,441 | (70% x $4,212,058) |
| - | 994,979 | (75% x $1,326,639) |
| - | (235,783) | (80% x ($294,729)) |
| - | 15,892 | (85% x $18,697) |
| - | 6,875,690 | (90% x $7,639,655) |
| - | 5,883,880 | (95% x $6,193,558) |
| $ | 4,582,822 | |

(ii) The unamortized amount as of August 31, 2010:

$ 4,582,822 (100% x $4,582,822)

(iii) Employer's portion: $4,582,822 x ($170,308 ÷ 2,980,479), or

$ 261,862 ($4,582,822 x .05714)

**h) Reallocation Liability:**

The reallocated pools consist of amounts that are non-collectible. These are amounts that withdrawn employers are expected not to contribute to the Pension Fund and need to be reallocated to the unfunded value of vested benefits.

Schedule B
Cont'd

## CALCULATION OF THE AMOUNT OF THE WITHDRAWAL LIABILITY

Terminated during 2005 Plan Year (September 1, 2005 to August 31, 2006)

| Employer | **Amount of Withdrawal Liability** (prior to applying the de minimis amount) |
|---|---|
| Century Lumber | $26,262 |

Terminated during 2006 Plan Year (September 1, 2006 to August 31, 2007)

| Employer | **Amount of Withdrawal Liability** (prior to applying the de minimis amount) |
|---|---|
| Evanston Lumber | $ 35,673 |
| Royal Components | 72,388 |
| Total | $108,061 |

Terminated during 2007 Plan Year (September 1, 2007 to August 31, 2008)

| Employer | **Amount of Withdrawal Liability** (prior to applying the de minimis amount) |
|---|---|
| Chicago Panel & Truss | $26,896 |

Terminated during 2009 Plan Year (September 1, 2009 to August 31, 2010)

| Employer | **Amount of Withdrawal Liability** (prior to applying the de minimis amount) |
|---|---|
| Ockerlund | $17,731 |
| Edward Hines | 1,184,231 |
| INR Beatty | 1,649,610 |
| Total | $2,851,572 |

The reallocated pools as of August 31, 2010 are as follows:

| | **Reallocated Liability Pools** | | | |
|---|---|---|---|---|
| **Terminated During Plan Year** | **Initial Value** | **Unamortized Portion** | **Employer Portion Percentage** | **Reallocation Liability** |
| 2005 | $ 26,262 | $ 21,010 | 0.05028 | $ 1,056 |
| 2006 | 108,061 | 91,852 | 0.05216 | 4,791 |
| 2007 | 26,896 | 24,206 | 0.05325 | 1,289 |
| 2009 | 2,851,572 | 2,851,572 | 0.05714 | 162,939 |
| **Total as of August 31, 2010** | | | | $170,075 |

## CALCULATION OF THE AMOUNT OF THE WITHDRAWAL LIABILITY

**i) The total withdrawal liability is the sum of:**

| | | |
|---|---|---|
| 1. Withdrawal liability for plan year ending | 8/31/04 | $ 132,385 |
| | 8/31/05 | 50,256 |
| | 8/31/06 | (11,855) |
| | 8/31/07 | 829 |
| | 8/31/08 | 366,130 |
| | 8/31/09 | 306,432 |
| | 8/31/10 | 261,862 |
| | | $1,106,039 |
| 2. Reallocation liability | | 170,075 |
| 3. Withdrawal Liability | | $1,276,114 |
| 4. Less: De minimis amount | | 0[1] |
| 5. Total withdrawal liability | | $1,276,114 |

[1] ERISA Section 4209(a) provides that an employer's liability will be reduced by an amount computed under a de minimis rule. The mandatory amount is the lesser of:

a) $50,000; or

b) ¾ of 1% of the plan's unfunded vested benefits determined as of the close of the plan year ending before the date of withdrawal (plan year ending August 31, 2010) or ¾ of 1% of $21,065,921 is $157,994.

However, if the amount of the withdrawal liability exceeds $100,000 then the de minimis amount is reduced by the amount the withdrawal liability exceeds $100,000. The de minims amount of $50,000 is reduced by $1,176,114 ($1,276,114 - $100,000) but cannot be less than zero. Therefore, the de minimis amount is $0.

**j) Determination of annual/monthly payment (See Schedule A for more detail):**

Three consecutive years in which the contribution units were the highest:

| Plan Year Ending | Units (weeks) |
|---|---|
| August 31, 2000 | 509.21 |
| August 31, 2001 | 495.73 |
| August 31, 2002 | 486.83 |
| Total | 1,491.77 ÷ 3 = 497.26 |

| | |
|---|---|
| Highest contribution rate: | $170.00 per week |
| Annual Payment: | $84,534.20 (497.26 weeks x $170.00 per week) |
| Quarterly Payment: | $21,133.55 ($84,534.20 ÷ 4) |
| Payment Schedule: | Eighty (80) quarterly payments of $21,133. |
| Interest Rate: | The unpaid balance is charged interest at the rate of 4.52% compounded annually. |

**Attachment**

## ACTUARIAL ASSUMPTIONS

The Actuarial Assumptions used are as follows:

1. **Rate of Retirement**

   Age 62 or completion of service requirement, if later.

2. **Interest Rate**

   Valuation: 7.00% compounded annually, net of investment and administrative expenses.

   Current Liability: 4.52% compounded annually, net of investment and administrative expenses.

3. **Rates of Mortality**

   Valuation:

   Healthy: RP2000 Healthy Combined Mortality Tables, Male and Female.

   Disabled: PBGC 2006 Male and Female mortality table for disabled participants receiving social security disability benefit payments.

4. **Rates of Withdrawal and Disability**

   The rates of withdrawal are shown in the attachment to this table.

5. **Percentage of Active Membership Married and Age of Spouse**

   It is assumed that all active members are married according to the percentages shown below and each male participant has a spouse 4 years younger and each female participant has a spouse 4 years older.

| Age | Males (%) | Females (%) |
|---|---|---|
| 20-24 | 23.1 | 38.9 |
| 25-29 | 53.3 | 63.8 |
| 30-34 | 68.9 | 73.5 |
| 35-39 | 78.0 | 76.1 |
| 40-44 | 79.5 | 76.1 |
| 45-54 | 83.8 | 76.1 |
| 55-64 | 83.7 | 70.3 |
| 65-74 | 81.0 | 51.2 |
| 74 and older | 69.8 | 23.9 |

6. **Assets**

   Assets are valued at Market Value.

**Attachment**
**Cont'd**

## ACTUARIAL ASSUMPTIONS

| | Rate (%) | | | |
|---|---|---|---|---|
| | Mortality | | | |
| Age | Male | Female | Disablement [1] | Withdrawal [2] |
| 20 | .0345 | .0191 | 0.07 | 7.94 |
| 25 | .0376 | .0207 | 0.07 | 7.72 |
| 30 | .0444 | .0264 | 0.07 | 7.40 |
| 35 | .0773 | .0475 | 0.08 | 6.86 |
| 40 | .1079 | .0706 | 0.11 | 6.11 |
| 45 | .1508 | .1124 | 0.23 | 5.16 |
| 50 | .2138 | .1676 | 0.50 | 3.62 |
| 55 | .3624 | .2717 | 1.07 | 1.37 |
| 60 | .6747 | .5814 | 2.17 | 0.13 |

[1]Withdrawal rates cut out at early retirement age.

[2] Applies prior to eligibility for early retirement.

September 16, 2011

Laner Muchin
Will Daniels
515 North State Street, Suite 2800
Chicago, Il 60610

Re: Mayfair Lumber Company Statement of Business Affairs

Dear Mr. Williams,

On July 22, 2011 the Fund sent a Statement of Business Affairs to be completed within 30 days by Mayfair Lumber Company as required by Federal law. The Fund office did not receive the Statement of Business Affairs and on September 1, 2011 the Fund sent a second request to Mayfair Lumber Company to complete.

As of today Mayfair Lumber Company has failed to complete the form as required under Section 421(a) of the Employee Retirement Income Security Act. Please initiate litigation to compel Mayfair Lumber to complete the Statement of Business Affairs.

Sincerely,

Jeffrey W. Hoff
Administrator

JWH:toc

November 2, 2011

**CERTIFIED & REGULAR U.S. MAIL**

MAYFAIR LUMBER CO.
4825 W. LAWRENCE
CHICAGO, IL 60630

**WITHDRAWAL LIABILITY LATE PAYMENT, DEFAULT PAYMENT AND ACCELERATION NOTIFICATION**

Dear Employer and all Related Controlled Group Members:

The Board of Trustees of the Local 786 I.B. of T. Lumber Employees Retirement Fund has reported that Mayfair Lumber Co. (any and all Controlled Group Members) has not submitted its Withdrawal Liability payment of $21,133.00 that was due to the Fund on November 1, 2011.

**DEFAULT**

The failure to make any Withdrawal Liability payment in accordance with the installment schedule may result in default within the meaning of E.R.I.S.A section 4219 (c)(5). In cessation of business on November 2, 2011 pursuant to the rules of the Fund constitutes a default. Accordingly the total outstanding amount of Withdrawal Liability, estimated at $1,147,326.00, plus accrued interest on the total outstanding liability from the due date of the first payment that is not timely made, is due immediately. The failure to make schedule Withdrawal Liability payments also subjects the Employer to additional statutory liabilities under E.R.I.S.A. Interest on payments not made shall accrue from the due date until the date the payment is received. Interest shall be charged at rates based on prevailing market rates for comparable obligations, in accordance with the regulations promulgated by the Pension Benefit Guarantee Corporation.

You are currently in default and the full balance of Withdrawal Liability assessment along with interest is due. If you fail to submit the Withdrawal Liability payment within 60 days of this letter, the Fund may commence legal action against Mayfair Lumber Co., its shareholders, and any and all Related Controlled Group Members.

Please submit your accelerated Withdrawal Liability payment of $1,147,326.00 immediately. Upon receipt of the payment you will be notified of additional interest that has accrued as result of the late payment (s). Withdrawal Liability payments should be payable to the Local 786 I.B. of T. Lumber Employees Retirement Fund and sent to 300 S. Ashland, Room 500 Attn: Jeffrey Hoff, Chicago, IL 60607.

Sincerely,

Jeffrey W. Hoff
Administrator

JWH:toc

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

7009 0820 0002 2042 1322

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here
WDL Late Payment, Default Payment & acceleration notice 11/2/11

Sent To: Mayfair Lumber
Street, Apt. No.; or PO Box No.: 4825 W. Lawrence
City, State, ZIP+4: Chicago IL 60630

PS Form 3800, August 2006 — See Reverse for Instructions

SENDER: COMPLETE THIS SEC[TION]

7009 0820 0002 2042 1322

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Mayfair Lumber Co.
4825 W. Lawrence
Chicago, IL
60630

A. Signature
X [signature] ☐ Agent ☐ Addresse[e]

B. Received by (Printed Name) — C. Date of Deliver[y] 11-3-11

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

[Postmark stamp: CHICAGO IL 60630 ... 2011]

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7009 0820 0002 2042 1322

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-154[0]